UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 14, 2022

LETTER TO COUNSEL:

    RE:    *Pearline S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-3679

Dear Counsel:

    On December 18, 2020, Plaintiff Pearline S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 19. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Pearline S. protectively filed her application for DIB on May 21, 2018. Tr. 20. She alleged a disability onset date of June 18, 2014. *Id.* Her application was denied initially and upon reconsideration. *Id.* Pearline S. requested an administrative hearing, and a hearing was held on March 6, 2020, before an Administrative Law Judge ("ALJ"). Tr. 39-70. In a written decision dated April 16, 2020, the ALJ found that Pearline S. was not disabled under the Social Security Act. Tr. 17-38. The Appeals Council denied Pearline S.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Pearline S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 404.1520. At step one, the ALJ found that Pearline S. had not engaged in substantial gainful activity since June 18, 2014, the alleged onset date. Tr. 22. At step two, the ALJ found that Pearline S. suffered from several severe impairments. Tr. 22-24. At step three, the ALJ found Pearline S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 24-25. The ALJ determined that Pearline S. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On July 1, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk for 2 hours, occasionally push and pull with the left arm, occasionally operate foot controls with both feet, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, and scaffolds. The claimant can frequently reach with the left arm; she can only occasionally reach overhead with the left arm. The claimant is limited to jobs that can be performed while using a cane for ambulation. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 25.

At step four, the ALJ determined that Pearline S. was unable to perform past relevant work. Tr. 32-33. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Pearline S. can perform, including information clerk, ticket seller, and ticket taker. Tr. 33-34. Accordingly, the ALJ found that Pearline S. was not disabled under the Social Security Act. Tr. 34.

Pearline S. presents two arguments in this appeal: (1) the ALJ erred by not finding her edema to be a severe impairment; and (2) the ALJ's RFC determination was legally insufficient. ECF No. 15-1 at 8-11. As for Pearline S.'s argument that the ALJ failed to consider her edema a severe impairment at step two, "[a] claimant must make only a *de minimis* showing to advance beyond step two. To that end, a claimant need only establish, and an ALJ need only find, one severe impairment." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citation omitted). "Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.* "Because [Pearline S.] made the threshold showing that several of [her] other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all impairments, both severe and nonsevere, when determining [her] RFC. Any step two error, therefore, would not necessitate remand." *Eston S. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-20-3131, 2021 WL 4311514, at *2 (D. Md. Sept. 22, 2021) (Gallagher, J.) (citations omitted). Pearline S.'s argument that remand is warranted on this basis is thus unavailing.

Pearline S. next argues that the ALJ's RFC assessment does not represent all her physical limitations. ECF No. 15-1 at 10. According to Pearline S., the ALJ's RFC assessment fails to include a limitation to elevate her legs throughout the workday. *Id.* at 10-11. She also contends that the ALJ erred in weighing the opinions of her treating physicians. *Id.* Pearline S.'s "argument that the ALJ should have found greater limitations, generally, equates to a request that this Court reweigh the evidence. A federal court is not empowered to reweigh the evidence," however. *Mark S. v. Kijakazi*, No. DLB-20-2080, 2021 WL 5567845, at *2 (D. Md. Nov. 29, 2021) (Boardman, J.) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). The ALJ found that Pearline S.'s treatment records "do not establish that any physician ordered her to elevate her legs to reduce swelling of the knees." Tr. 30. The ALJ noted that on examination Pearline S. had no swelling in her legs, had a normal gait and no limp, and ambulated with no assistive devices. Tr. 30, 596, 635.

2

The ALJ thus found that the combined effects of Pearline S.'s orthopedic conditions and her obesity supported the inclusion of postural restrictions and environmental restrictions but no requirement that she elevate her legs. Tr. 30. Although Pearline S. points to evidence in the record that she maintains would support greater limitations, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Tamara D. v. Saul*, Civil No. DLB-19-2543, 2020 WL 4016514, at *4 (D. Md. July 16, 2020) (Boardman, J.) (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

Pearline S. also argues that the ALJ erred in weighing the opinions of Drs. Razaq and Siddiqui, her treating physicians, by finding them less than fully persuasive because they were neither supported by nor consistent with substantial evidence. Tr. 31. The Court concludes, however, that the ALJ complied with 20 C.F.R. § 404.1520c in considering these opinions. Again, in reviewing for substantial evidence in support of an ALJ's factual findings, the Court does not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Remand on this basis is thus not warranted. *See Mark S.*, 2021 WL 5567845, at *2; *Eston S.*, 2021 WL 4311514, at *2-3.

For the reasons stated above, Pearline S.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 19) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                        Sincerely yours,

                                                        /s/
                                                        Timothy J. Sullivan
                                                        United States Magistrate Judge